UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL MCINTOSH et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) | 2:08-cv-01524-RCJ-RJJ |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT et al., | ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This case arises out of a series of disputes between an apartment complex and two of its residents, including a physical altercation leading to the arrest of one of the residents. Pending before the Court is a motion to dismiss. Plaintiffs did not appear at the hearing. For the reasons given herein, the Court will treat the motion as a motion for summary judgment and grant it.

**I.    FACTS AND PROCEDURAL HISTORY**

Although the Amended Complaint ("AC") does not make the sequence of events clear, Plaintiffs Michael McIntosh and Kimberly Parme, proceeding *in pro se*, allege the following. On April 8, 2006, while McIntosh was leaving his apartment at Harbor Island Apartments, LLC ("Harbor Island"), 370 E. Harmon Ave., Las Vegas, Nevada, two security guards, one of whom was named "Eric" (phonetic), detained him. (Am. Compl. ¶¶ 1–2, 4, Oct. 23, 2008, ECF No. 1, at 36). While he was detained, Defendant Michael DeNucci, another of Harbor Island's security

guards, appeared and ordered the other guards to handcuff McIntosh, which they did. (*Id.* ¶¶ 2, 4). Plaintiffs allege that they do not know why the guards handcuffed McIntosh. (*See id.* ¶ 4). While McIntosh was handcuffed, DeNucci struck him in the chest with his fist and held his hair while Eric sprayed him with mace. (*Id.*). The guards then walked McIntosh to the front of the apartment complex and had him lie prone while NeNucci pressed his knee into McIntosh's back and forced McIntosh's face into the grass. (*Id.*). Plaintiffs allege that McIntosh was never belligerent or uncooperative. (*See id.*).

Soon thereafter, an ambulance and police car arrived. (*Id.* ¶ 5). DeNucci or other Harbor Island employees had reported to Las Vegas Metropolitan Police Department ("LVMPD") that McIntosh had physically beaten Parme, that Plaintiffs had caused a flood in the apartment below theirs, and that Parme was hiding drugs in Plaintiffs' apartment. (*Id.* ¶ 6). Plaintiffs do not make clear whether they mean to allege that DeNucci or other Harbor Island employees related the above information on the date in question in order to summon the police or whether they mean to allege that DeNucci or other Harbor Island employees had related the above information to the police on one or more previous occasions. (*See id.*). In any case, no one ever filed any written complaint against McIntosh, and the county never filed any charges against him, but he spent over forty-eight hours in the Clark County Jail after his arrest. (*Id.* ¶ 7). The police arrested and incarcerated McIntosh despite the facts that he had committed no offense in their presence and there was no probable cause to believe he had committed any felony. (*Id.*). Also, one of the officers entered Plaintiffs' apartment without a warrant or permission from either of them, and while Parme was in the shower. (*Id.* ¶ 8). The officer ordered her out of the shower and questioned her. (*Id.*). Later, DeNucci entered Plaintiffs' apartment without permission and questioned Parme. (*Id.*).

In early April 2006—Plaintiffs do not specify whether before or after the incident related above—Harbor Island contacted Defendant Day & Night Towing, Inc. ("Day & Night") to have

two of Plaintiffs' vehicles towed, despite the fact that Plaintiffs were legal residents of the complex, were not delinquent in their rent, and the vehicles were properly plated and registered. (*Id.* ¶ 9). Harbor Island eventually evicted Plaintiffs, who had been residing there for six-and-a-half years, even though their rent was not delinquent. (*Id.* ¶ 10). After eviction, Harbor Island "caused Plaintiffs' [personal] property to be destroyed" rather than allow them to recover it as required by law. (*Id.* ¶ 11). Finally, Defendant Sharon Peterson, an employee of Harbor Island, personally went to Harbor Crossings Apartments, where Plaintiffs had made a cash deposit for a new apartment, and informed Harbor Crossings that Plaintiffs had been evicted for nonpayment of rent. (*Id.* ¶ 12). Plaintiffs allege that Peterson did this with the intent of causing Harbor Crossings to break its contract with Plaintiffs, but they do not allege whether Harbor Crossings in fact broke its contact as a result. (*See id.*).

Plaintiffs sued Defendants in state court. The AC lists eight causes of action, best characterized as follows: (1) assault and battery (Harbor Island, Denucci, and "Eric"); (2) wrongful eviction (Harbor Island); (3) civil conspiracy - false arrest (LVMPD, J. Liles, K. Blasco, and Harbor Island); (4) false arrest (LVMPD, Liles, and Blasco); (5) conversion (Harbor Island); (6), (8) trespass to chattels (Harbor Island and Day & Night); and (7) intentional interference with contractual relations (Harbor Island and Peterson). Defendants removed. Plaintiffs stipulated to dismiss all claims against LVMPD and the police officers with prejudice. Because Plaintiffs had taken no action in the case for eighteen months, the Clerk warned Plaintiffs in July 2010 that it would ask the Court to close the case in thirty days for lack of prosecution. Plaintiffs did not timely respond, but the Clerk made no request to close the case. In June 2011, Plaintiffs filed a notice into the record that they wished to continue to litigate the case. On September 13, 2011, the magistrate judge held a hearing and gave Plaintiffs thirty days to serve Defendants with the AC. Harbor Island has been served and has filed a motion to dismiss. It is not clear whether the remaining Defendants (DeNucci, "Eric," Peterson, and Day

& Night) have been served.

## II. LEGAL STANDARDS

### A. Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

1 whose contents are alleged in a complaint and whose authenticity no party questions, but which 2 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) 3 motion to dismiss" without converting the motion to dismiss into a motion for summary 4 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule 5 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay* 6 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court 7 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for 8 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th 9 Cir. 2001).

### B. Summary Judgment

11 A court must grant summary judgment when "the movant shows that there is no genuine 12 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. 13 Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson* 14 *v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if 15 there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See* 16 *id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported 17 claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary 18 judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

22 *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) 23 (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears 24 the burden of proving the claim or defense, the moving party can meet its burden in two ways: 25 (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2)

1  by demonstrating that the nonmoving party failed to make a showing sufficient to establish an
2  element essential to that party's case on which that party will bear the burden of proof at trial.
3  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden,
4  summary judgment must be denied and the court need not consider the nonmoving party's
5  evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

6        If the moving party meets its initial burden, the burden then shifts to the opposing party
7  to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio*
8  *Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing
9  party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
10 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
11 versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
12 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment
13 by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v.*
14 *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions
15 and allegations of the pleadings and set forth specific facts by producing competent evidence that
16 shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.  At the
17 summary judgment stage, a court's function is not to weigh the evidence and determine the truth,
18 but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The
19 evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his
20 favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not
21 significantly probative, summary judgment may be granted. *See id.* at 249–50.

22 **III.    ANALYSIS**

23       Harbor Island has moved to dismiss for untimely service and failure to state a claim.
24 Harbor Island first argues that it cannot be liable for any of the claims in the AC because it did
25 not own, operate, or manage the premises during the period of the alleged events.  Harbor Island

1 claims that it sold the premises to a wholly unrelated third-party entity on March 9, 2005.
2 Harbor Island also claims that it terminated DeNucci on or about July 6, 2004 and laid off
3 Peterson on March 9, 2005 when it sold the premises. Harbor Island provides evidence for these
4 claims. First, it provides a deed from Harbor Island and the other tenants-in-common to Related-
5 Centra Ventures, LLC. (*See* Deed, Mar. 8, 2005, ECF No. 28, at 10). Second, it provides a
6 printout of the Clark County Assessor's real property parcel record for the property at 370 E.
7 Harmon Ave., indicating that the current owners are "Sapirtic LLC et al." (*See* Real Property
8 Parcel Record, Oct. 17, 2011, ECF No. 28, at 16). Third, it provides an employer report from
9 Bigelow Management, Inc. (manager of Harbor Island) indicating that DeNucci was discharged
10 on July 6, 2004 and could not be rehired. (*See* DeNucci Employee Separations Detail Report,
11 Oct. 17, 2011, ECF No. 28, at 20). Fourth, it provides an employer report from Bigelow
12 Management, Inc. indicating that Peterson was laid off on March 9, 2005. (*See* Peterson
13 Employee Separations Detail Report, Oct. 17, 2011, ECF No. 28, at 23). Plaintiff's untimely
14 response contains no evidence in rebuttal. The Court will therefore grant the motion as a motion
15 for summary judgment on the merits without addressing the arguments concerning untimely
16 service.

17 LVMPD has joined in Naphcare's motion as to those claims asserted against LVMPD.
18 The Court grants the motion as against LVMPD, as well.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 28) is GRANTED as a motion for summary judgement. Naphcare and LVMPS are dismissed as Defendants.

IT IS FURTHER ORDERED that because no other Defendants have been served, the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 31st day of January, 2012.

_____
ROBERT C. JONES
United States District Judge